Porter, J.

The plaintiffs allege that they are creditors of the firm of John Brandt & Co., to a large amount; that the said Brandt & Co. obtained a respite of one, two, and three years, to enable them to pay their debts. That *494 they have failed to meet the installments as they became due—that they are secreting and wasting the estate, with an intention to defraud those to whom they are indebted; and that they have given improper preferences to some creditors, by paying them, to the injury of others.
East’n District.
April, 1821.
The insolvent cannot complain of irregularity in the proceedings after the forced surrender is ordered, it is a question, in which the creditors are alone concerned.
A debtor obtaining a respite from his creditors, and not complying with its conditions, may be compeled to a forced surrender of his property.
The petition concludes with an averment, that by reason of the premises, Brandt & Co. are bankrupt debtors—and prays that a meeting of their creditors may be ordered; that the defendants be decreed to surrender all their property for the use of those to whom they are indebted ; and that an attorney be appointed to represent the creditors who are absent. To it is annexed, the affidavits of different creditors and their agents, swearing to the existence of the debts, as set forth in the petition.
The judge granted an order, that a meeting of the creditors of the defendants be called at the office of a notary public; and that, in the mean time, all proceedings against the property of the defendants be stayed. Brandt & Foster, two of the partners of the house of John Brandt & Co., who had not been made defendants in the suit, nor, of course. *495 cited to appear, made themselves parties to this cause in court, and prayed an appeal from the order, calling a meeting of their creditors.
This appeal was granted.
A meeting of the creditors was had before the notary, at which Brandt & Foster appeared, by their counsel, and opposed the right of the agent of Johnston & Ward, to vote for syndics.
As soon as the proceedings before the notary were closed, the said Brandt & Foster protested against closing the proceedings, on various grounds of illegality alleged by them, to which protest they signed their own names; and also by their counsel, offered and filed various objections to the regularity of the proceedings.
On the 21st of March, and before the process verbal of what was transacted by the creditors, in the meeting held before the notary, had been returned into court; a supplemental petition was filed by the plaintiffs in the cause, requesting provisional syndics might be appointed, to take possession of the books and papers, and property of said Brandt & Co. until the homologation of the proceedings. The court acceded to this prayer.
*496 The defendants, by a rule to shew cause, endeavoured to have this order, for the appointment of syndics, set aside, and made null and void. On argument, the court refused to rescind it, and from this refusal an appeal was also taken.
The proceedings before the notary being filed, a rule was obtained, calling on the creditors of John Brandt & Co., Brandt & Foster, and all other persons interested, to shew cause, if any they had, why the said proceedings should not be confirmed, and why John Brandt and Henry Foster should not be decreed to surrender all their private property and all the partnership property of John Brandt & Co., in their possession.
The defendants shewed cause against this rule, and placed on record additional grounds for setting aside the proceedings. The opposition was, however, overruled by the court; the nomination of syndics affirmed ; a forced surrender was ordered; and John Brandt and Henry Foster directed to declare, on oath, the amount of property in their hands. From this decision the defendants have appealed, and now allege various causes of nullity.
*497 First, that they were not made defendants in this cause. This defect, I think, is cured by their appearance, making themselves parties, and disputing the cause in all its stages. If they are not defendants, we ought to dismiss this appeal, for they are certainly not plaintiffs; and unless judgment has been rendered against them, they have no right to bring up this cause here. In two, out of the three petitions of appeal taken, they state they are defendants; in the third and last, they declare that they have been making opposition to the plaintiff’s demands.
Next, they object, that they were not cited. This irregularity, in my opinion, is also cured by appearing and pleading, and contesting the cause on other grounds than the want of citation. 3 Cranch. 496, 7. Johnson, 207. Febrero, del juicio ordinario, lib. 3, cap. ,sec. 3, n. 129.
It has been also insisted, that the evidence proves another suit was pending for a forced surrender on the demand of David L. Ward, at the time this action was commenced; but to make this a bar, it was necessary to shew that it was between the same parties, as well as for the same thing.
Various objections have been offered to *498 the proceedings had before the notary, but there is, in my opinion, one answer to them all, that they come from a person not authorised to make them. The other creditors might oppose the homologation, on the ground of irregularity. But as to the debtor, the forced surrender once ordered, the property is for the common benefit of those to whom he is indebted ; and he has no right to interfere with its management, nor have a voice in the decision, respecting those persons to whom its direction is to be intrusted.
The principal question in this cause is, whether the judgment of the court below is supported by proper evidence ; for the right of the creditor to demand a forced surrender, has been fully examined in the opinion just delivered, in the case of Ward vs. Brandt & Co.*
It is unnecessary to examine, whether the order granted, in the first instance, issued correctly or not; for as the case is before us, on the whole proceedings had, and all the evidence taken, in the cause, it must now be decided, if what is shewn on the record, supports the judgment, and requires it to be affirmed here.
*499 In this case, it appears from the evidence introduced, that the defendants had obtained a respite of one, two, and three years, for the payment of their debts; that the plaintiffs were creditors of John Brandt & Co., and placed on their schedules as such ; and that the terms of that respite had not been fulfiled. The last fact I gather from the failure of the defendants, to prove a compliance with it; for if they did make the payments regularly, in pursuance to the conditions on which the delay was accorded, the proof should, nay must, have come from them; for the creditors could not prove that they had not paid, or in other words, prove a negative.
This proof, the defendants have not furnished though ample means were offered them to do so, after they made themselves parties in the cause. I cannot, indeed, see that they even alleged on the pleadings, that they had complied with the terms of the respite.
On the whole, I am of opinion, that the judgment of the district court be affirmed.

 This opinion is not printed, a rehearing having been granted.